IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:20-cr-7-SPB-3** |
| | ) | |
| **JAMIE EILEEN CRAMER** | ) | |

**MEMORANDUM OPINION**

**Susan Paradise Baxter, United States District Judge**

## I. Background

On February 11, 2020, a federal grand jury indicted Defendant Jamie Eileen Cramer on one count each of conspiracy and possessing with intent to distribute ("PWID") 500 grams or more of a mixture and substance containing methamphetamine. ECF No. 1. Defendant later pled guilty to the PWID charge and was sentenced on January 6, 2023 to time served and a five-year period of supervised release. ECF Nos. 137, 194. Judgment was entered on January 9, 2023. ECF No. 196.

Presently pending before the Court is Defendant's motion for early termination of her supervised release. ECF No. 215. Defendant contends that, based on the decision rendered by the U.S. Court of Appeals for the Third Circuit in *United States v. Guyton*, 144 F. 4th 449 (3d Cir. 2025), her five-year term of supervised release began on May 11, 2020 when she was released on bond and expired as of May 11, 2025. Alternatively, Defendants contends that she should be excused from serving any remaining portion of her supervised release, because the goals of supervision have already been met.

The Government opposes Defendant's request. Contrary to Defendant's position, the Government maintains that a term of supervised release cannot begin prior to sentencing. That

would mean, in this case, that Defendant's supervised release is not scheduled to expire until at least January 2028. The Government further argues that an early termination of Defendant's supervised release is not warranted based on the considerations relevant to this case.

## II. Discussion

Under 18 U.S.C. §3583(e), a court may "terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release," if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* at § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).

In exercising its discretion, the court considers various factors laid out in 18 U.S.C. §3553(a).[1] Courts are not required to make specific findings of fact with respect to each of these factors, and a statement that the statutory factors have been considered is sufficient. *Melvin*, 978 F.3d at 52-53.

---

[1] The select factors under 18 U.S.C. § 3553(a) are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2)(B) the need to afford adequate deterrence to criminal conduct, (2)(C) to protect the public from further crimes of the defendant, (2)(D) to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; 4(B) the applicable guidelines or policy statements issued by the Sentencing Commission, (5) pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(1), (2)(B)-(D) & (4)-(7).

The United States Sentencing Guidelines § 5D1.4(b), in accord with 18 U.S.C. §3583(e)(1), states that a court may terminate a defendant's remaining term of supervised release "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision." § 5D1.4(b). The Guidelines recommend that the determination be made, "following consultation with the government and the probation officer." § 5D1.4(b). Amendment 835 to the United States Sentencing Guidelines, effective November 1, 2025, added the following guidance to courts reviewing early termination motions:

> (B) Early Termination. — When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
>
> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

U.S.S.G. § 5D1.4, comment. n.1(B).

Notably, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53. Stated differently, "extraordinary circumstances may be sufficient to justify early termination of a term of

supervised release, but they are not necessary for such termination." *Id.* (emphasis in the original). However, as a general rule, "early termination of supervised release under §3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *Id.* (alteration and emphasis in the original; internal quotation marks and citations omitted). "That is because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.*

The defendant bears the burden of establishing that early termination of his supervised release is merited. *United States v. Allston*, Crim. A. No. 99-409, 2021 WL 4262315, at *2 (E.D. Pa. Sept. 20, 2021) (citing *United States v. McDowell*, 888 F.2d 285, 291 (3d Cir. 1989)).

A.

Regarding Defendant's first argument, the Court agrees with the Government's position that Defendant's term of supervised release did not begin prior to her sentencing. Thus, the Court rejects Defendant's assertion that her supervised release began on May 11, 2020, when she was released on pretrial bond, and that it expired five years later on May 11, 2025.

The court's decision in *Guyton* does not hold otherwise. In *Guyton,* the Court of Appeals considered, among other things, whether a federal defendant's 2011 state conviction for PWID constituted a "serious drug felony" for purposes of applying the recidivist sentencing enhancement in 21 U.S.C. §841(b)(1)(B). In relevant part, a "serious drug felony" is defined as one for which the offender "served a term of imprisonment of more than 12 months." 21 U.S.C. §802(58). As a matter of first impression, the Court of Appeals determined in *Guyton* that the defendant's "term of imprisonment" for his 2011 state offense necessarily included time that he had spent in pretrial detention, which was later been credited to his sentence. *See* 144 F. 4th at

464-65. Thus, even though the defendant had served only 220 days *post*-sentencing for his 2011 offense, the court ruled that the state PWID charge counted as a "serious drug felony," because his collective sentence, including pretrial detention, exceeded 12 months. *Id.* at 464-66. *Guyton* thus holds that, "when ... a defendant is credited with time served in pretrial detention -- thereby reducing the time he will have to serve on his term of imprisonment following conviction -- that detention is part of the 'term of imprisonment' 'for which' the offender 'served' under 21 U.S.C. §802(58).

In this Court's view, *Guyton*'s holding has no relevance to the question raised here -- namely, whether the time that Defendant spent on pretrial bond counts toward her term of "supervised release." As the Government notes, Defendant cites no authority supporting this proposition and the relevant statutory language dictates otherwise.

The statutory language provides, in pertinent part, that:

> A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released.... The term of supervised release commences on the day the person is released from imprisonment....

18 U.S.C. § 3624(e) (emphasis added). As one court has observed, "[t]his first provision makes clear that the 'supervised release' referred to in the second provision is a component of a particular sentence that was imposed on the prisoner." *United States v. Davis*, 711 F.3d 174, 175-76 (D.C. Cir. 2013). Thus, "the first provision of § 3624(e) indicates that the 'release' it references is release by the Bureau of Prisons to the supervision of a probation officer for a term of supervision following expiration of a sentence's term of imprisonment." *Id.* at 176 (holding that the defendant's supervised release commenced on the day the district court sentenced him on the charge to which he pled guilty, as opposed to the earlier date on which the district court,

pursuant to the appellate court's instruction, had ordered his release pending resolution of his appeal from his original convictions).

In short, Defendant's position lacks merit because a period of supervised release cannot commence prior to the date on which the defendant was sentenced. *See United States v. Channon*, 845 F. App'x 783, 785 (10th Cir. 2021) (rejecting the view that a term of supervised release can be "served in a disjointed fashion even before it has been imposed by the district court, stopping and starting every time a pretrial detainee or recently-convicted defendant is processed and released from physical custody pending further proceedings"); *United States v. Vallejo,* 69 F.3d 992, 994-95 (9th Cir. 1995) (*per curiam*) (defendant's term of supervised release did not begin when he was released on bail prior to sentencing; rather, it "began the day he was sentenced to time served").

B.

Defendant's second argument is that, even if her term of supervised release has not yet expired, the goals of supervised release have been met in her case and, therefore, the Court should terminate any period of supervision that remains. As noted, the Government filed its response opposing Defendant's request.

After the Government responded, however, the United States Sentencing Commission issued U.S.S.G. §5D1.4 which, as discussed above, contemplates the Court's "consultation with the government *and the probation officer*" as to whether termination of supervised release is warranted "by the conduct of the defendant and in the interest of justice." U.S.S.G. § 5D1.4(b) (emphasis added). Moreover, as described above, the application note to §5D1.4 lists a number of practical considerations -- separate and apart from the relevant statutory factors -- that the

court "may wish to consider" when making an "individualized assessment" about early termination of a defendant's supervised release. *See* U.S.S.G. § 5D1.4, comment. n.1(B).

Here, the U.S. Probation Office has not yet had an opportunity to weigh in on the Defendant's motion, and the Government has not yet had an opportunity to be heard concerning any impact that U.S.S.G. § 5D1.4 may have on its position. Accordingly, the Court will take Defendant's motion under advisement pending further supplementation of the record.

## III. Conclusion

Based upon the foregoing discussion, the Defendant's motion at ECF No. [215] will be denied to the extent it is based on Defendant's assertion that her five-year term of supervised release ended on May 11, 2025. Insofar as Defendant requests that the remaining portion of her supervised release be terminated prematurely, the Court will take this aspect of her motion under advisement, pending further supplementation of the record as discussed herein.

An appropriate Order follows.

Susan Paradise Baxter
United States District Judge

Dated: November 19, 2026